FILED
APR 0 3 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK


ORIGINAL FILED
MAR 3 0 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of California**
**Fresno Division**

| | |
|---|---|
| In re<br><br>Kari Ann Peck,<br><br>    Debtor.<br>_____<br>Adrian Maaskant,<br><br>    Plaintiff/Appellant,<br><br>v.<br><br>Kari Ann Peck,<br><br>    Defendant/Appellee. | District Court Case No.<br>CV-F-05-1390-OWW<br><br>Bankruptcy Case No.<br>01-11815-B-7<br><br>Adversary Proceeding No.<br>01-1125-D |

**ORDER DISMISSING APPEAL**

Under the circumstances of this case, this court has the authority to dismiss the appeal now pending in the District Court. *See Williams v. EMC Mortgage Corp. (In re Williams)*, 216 F.3d 1295 (11th Cir. 2000) (affirming the district court's order affirming the bankruptcy court's order dismissing the appeal for untimeliness). While this action could well have been taken at the appellate level, action is being taken by this court to spare enormous amounts of time and effort which might otherwise be expended on the part of all concerned.

The judgment of the trial court ("the Judgment") awarding damages to plaintiff/appellant Adrian Maaskant ("appellant") following remand from the Bankruptcy Appellate Panel was entered on September 30, 2005. Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8002(a), appellant had ten (10) days to file his notice of appeal of the Judgment with the clerk. Accordingly, appellant's notice of appeal of the

1  Judgment was required to be filed no later than Tuesday, October 11, 2005, as Monday,
2  October 10, 2005, being Columbus Day, was a federal holiday. *See* FRBP 9006(a).
3      Initially, it should be noted that appellant seemingly fails understand that absent
4  an order from this court extending his time to file a notice of appeal of the judgment, the
5  sole order subject to appeal is this court's order entered on October 14, 2005, denying his
6  motion to extend time to file an appeal of the Judgment. But most importantly, no appeal
7  of any orders heretofore made by this court can proceed because critical deadlines for
8  perfecting an appeal have forever passed. In addition, it appears that appellant fails to
9  understand that a document is deemed filed with the clerk on the day the document is
10 received by the clerk, and is not deemed filed on the day it is deposited for mailing. *See*
11 *Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 n.2 (10th Cir. 1992) (noting that
12 "[t]he filing date is the date the notice of appeal is received, not the date that it is
13 mailed.").
14     In lieu of filing a notice of appeal of the Judgment, appellant on October 12, 2005,
15 one day after the deadline for timely filing a notice of appeal, filed a Motion to Extend
16 Time for Filing Notice of Appeal.[1] In an Order Denying Plaintiff's Motion to Extend
17 Time for Filing Notice of Appeal ("the Order Denying Motion to Extend Time") entered
18 on October 14, 2005, this court denied appellant's motion upon a finding that he had
19 failed to meet his required burden of showing that excusable neglect existed. When a
20 motion to extend time to file an appeal is not made within the ten (10) day time period
21 available for filing a notice of appeal, excusable neglect must be shown pursuant to FRBP
22 8002(c)(2). The clerk of the trial court served the Order Denying Motion to Extend Time
23 on appellant, appellant's counsel of record, and appellee's counsel on October 14, 2005.
24     Under FRBP 8002(a), appellant had ten (10) days, or until October 24, 2005, to

---

[1] It appears that the Motion to Extend Time for Filing Notice of Appeal was served on the defendant/appellee's counsel on October 7, 2005. However, the Motion to Extend Time for Filing Notice of Appeal was filed with this court on October 12, 2005.

1 file with the clerk a notice of appeal of the Order Denying Motion to Extend Time.[2] He
2 failed to do so. On October 25, 2005, one (1) day after the ten (10) day deadline to file a
3 notice of appeal of the Order Denying Motion to Extend Time, appellant filed a fifty-one
4 (51) page document entitled "Petition for Writ / Notice of Appeal of Order Denying
5 Plaintiff's Motion to Extend Time for Filing Notice of Appeal Filed October 14, 2005"
6 and "Notice of Appeal of Judgment Filed September 30, 2005." It is noted at this point
7 that to the extent the document purports to be a "Notice of Appeal of Judgment Filed
8 September 30, 2005", the document cannot constitute a notice of appeal of the Judgment
9 because a notice of appeal was never timely filed and an extension of time to file a notice
10 of appeal of the Judgment was never granted. A notice of appeal of the September 30,
11 2005, Judgment could only have been filed upon the granting of a motion to extend time
12 to file the notice of appeal, which has never been done.
13     Despite appellant's failure to timely file a notice of appeal of the Order Denying
14 Motion to Extend Time during the original ten (10) day period, FRBP 8002(c)(2) gave
15 appellant twenty (20) additional days from the expiration of the original ten (10) day
16 period to file a motion to extend time for filing a notice of appeal of the Order Denying
17 Motion to Extend Time, which motion could only have been granted upon a showing of
18 excusable neglect. Appellant, however, failed to file a motion to extend time for filing a
19 notice of appeal of the Order Denying Motion to Extend Time during the additional
20 twenty (20) day time frame prescribed by FRBP 8002(c)(2), and that period has now long
21 since expired.
22     Consequently, it appears that the District Court presently lacks jurisdiction to
23 consider any matters involving this adversary proceeding and that dismissal of the
24 purported appeal by this court is appropriate as noted in *Williams*, 216 F.3d at 1296.

---

[2] When the period of time prescribed by the Federal Bankruptcy Rules of Procedure is eight (8) days or more, intermediate Saturdays, Sundays, and legal holidays are included. FRBP 9006(a).

3

1 | Additional support for dismissing the purported appeal on the facts of this case can be
2 | found in *Saunders v. Band Plus Mortgage Corp. (In re Saunders)*, 31 F.3d 767 (9th Cir.
3 | 1994) (per curiam) (holding that "[t]he provisions of Bankruptcy Rule 8002 are
4 | jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of
5 | jurisdiction to review the bankruptcy court's order." (citing *In re Mouradick*, 13 F.3d 326,
6 | 327 (9th Cir, 1994); *In re Slimick*, 928 F.2d 304, 306 (9th Cir. 1990); *In re Souza*, 795
7 | F.2d 855, 857 (9th Cir. 1986))).

8 | In accordance with the foregoing, the attempted appeal by appellant sought to be
9 | taken by the document entitled PETITION FOR WRIT/NOTICE OF APPEAL BY
10 | PLAINTIFF, ADRIAN MAASKANT–NOTICE OF APPEAL OF JUDGMENT FILED
11 | SEPTEMBER 30, 2005, filed herein on October 25, 2005, IS HEREBY ORDERED
12 | DISMISSED.

Dated: March 30, 2006

**BRETT DORIAN**

Brett Dorian
United States Bankruptcy Judge