**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE:<br>KARI ANN PECK,<br>    Debtor.<br><br>ADRIAN MAASKANT<br>    Plaintiff/Appellant,<br>        v.<br>KARI ANN PECK,<br>    Defendant/Appellee. | District Court Case No:<br>1:05-CV-1390 OWW<br><br>Bankruptcy Case No.<br>01-11815-B-7<br><br>Adversary Proceeding No.<br>01-1125-D<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO RECONSIDER<br>DISMISSAL OF APPEAL AND<br>RELATED FILINGS (DOCS. 13,<br>14, 15 & 16) |

On September 30, 2005, the Bankruptcy Court awarded damages to Plaintiff/Appellant Adrian Maaskant ("Maaskant"). Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8002(a), Maaskant had ten (10) days to file a notice of appeal of the Judgement with the Clerk of Court, making any such notice due on October 11, 2005. (*See* Bankruptcy Court's March 30, 2006 Order.) That deadline passed without Maaskant filing any documents. One day later, on October 12, 2005, Maaskant filed a motion to extend time to file a notice of appeal. (*Id.* at 2.) That motion was denied by the Bankruptcy Court on October 14, 2005. The Bankruptcy Court reasoned:

1

1         As plaintiff has previously filed a notice of appeal,
2         he is no stranger as to either the requirements for
        doing so nor the relatively simply amount of paperwork
3         involved having done so on a prior occasion.  The proof
        of service of the motion...shows that the subject
4         motion was served on October 7, 2005, some four days
        before the deadline for filing the notice of appeal.
5         The filing of a notice of appeal would have involved
        far less work than the filing of a the motion.
6         Plaintiff's view is that the Federal Rules of
        Bankruptcy Procedure must all be modified to suit his
7         individual needs.  Plaintiff has not met his burden of
        showing that a notice of appeal could not have been
        timely filed or that excusable neglect exists that
8         would allow an extension of time.

9 (Bankruptcy Court's October 14, 2005 Order, at 1-2.)

10     Again, Under FRBP 8002(a), Maaskant had ten (10) days, or
11 until October 24, 2005, to file a notice of appeal from the
12 October 14, 2005 order.  He failed to do so within the ten day
13 period.  Pursuant to FRBP 8002(c)(2), Plaintiff had twenty
14 additional days to file a motion to extend time to file a notice
15 of appeal from the October 14, 2005.  Any such motion could only
16 have been granted upon a showing of excusable neglect.
17 Specifically, Maaskant would have had to demonstrate why he
18 failed to timely file a notice of appeal between October 14, 2005
19 and October 24, 2005.  Instead, on October 25, 2005, Maaskant
20 filed a fifty-one page document entitled "Petition for Writ/
21 Notice of Appeal of Order Denying Plaintiff's Motion to Extend
22 Time for Filing Notice of Appeal Filed October 14, 2005 [and]
23 Notice of Appeal of Judgment Filed September 30, 3005."  That
24 motion was accepted for filing by the Clerk of Court.  Although
25 this document was filed within the additional twenty day window,
26 it did not provide any basis for a finding of excusable neglect
27 <u>with respect to Maaskant's failure to timely file a notice of</u>
28 <u>appeal between October 14, 2005 and October 24, 2005</u>.  It solely
focused on explaining his <u>earlier</u> failure to timely file an

**2**

1  appeal from the September 30, 2005 judgment.  Accordingly, in its
2  March 30, 2006 order, the Bankruptcy Court found that the
3  district court lacked jurisdiction over the appeal because
4  Maaskant had failed to timely file a notice of appeal from the
5  October 14, 2005 and had failed to timely and properly request an
6  extension of time to do so.
7       On April 10, 2006, the district court ordered this case
8  closed, affirming the March 30, 2006 Order of the Bankruptcy
9  Court.  (Doc. 11.)  That district court order stated in its
10 entirety:

> Before the Court is the March 30, 2006, Order of the Bankruptcy Court dismissing the appeal in this case pursuant to the authority of *Williams v. EMC Mortgage Corp. (In re Williams)*, 216 F.3d 1295, 1298 (11th Cir. 2000).
>
> The Bankruptcy Judge has correctly analyzed the law that provides that under Federal R. Bank. P. 8002 there is no provision for the reopening of time to file an appeal when a party does not receive notice of an entry of judgment or order. Further, Fed. R. Bank. P. 9022(a) provides that: "Lack of notice of the entry [of a judgment or order] does not effect the time to appeal or relieve or authorize the Court to relieve a party for failure to appeal within the time allowed except as permitted in Rule 8002." *In re Williams*, at p. 1298, fn.4; *citing, In re Longardner & Assocs., Inc.*, 855 F.2d 455, 464 (7th Cir. 1988). As recognized by the United States Supreme Court and the Ninth Circuit "[T]he provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the Appellate Court of jurisdiction to review the Bankruptcy Court's order." *Saunders v. Band Plus Mortgage Corp. (In re Saunders)*, 31 F.3d 767, 767.
>
> As this case has properly been ordered dismissed by the March 30, 2006, order of United States Bankruptcy Judge Brett Dorian, the Clerk of Court is ORDERED to close District Court Case No. 1:05-cv-1390 OWW.

(*Id.*)

     On the same day the district court entered its order, April 10, 2006, Maskaant filed an "objection to the trial court's order dismissing appeal and motion to reverse."  (Docs. 13 & 14.)

**3**

Maaskant subsequently filed a "motion requesting [that the] district court view [his] earlier objection to trial court's order dismissing appeal and motion to reverse as motion to reconsider dismissal of appeal in district court" (Doc. 15, filed Apr. 25, 2006), along with an "amendment to [the] motion to reconsider dismissal of appeal..." (Doc. 16, filed May 2, 2006).

Essentially, Maaskant argues in his various filings that he did demonstrate the required elements of excusable neglect, noting in particular that his October 24, 2005 filing offered evidence that he was preoccupied with a family crisis during the relevant time period.  Maaskant correctly points out that attached to his October 24, 2005 filing was the declaration of his sister, Toosje Maaskant, in which his sister explains that their father broke his hip on September 19, 2005 and underwent hip replacement surgery the following day.  Toosje Maaskant further stated that the family "has been advised by [the] doctor that there is a real possibility that [their father] will not recover." (T. Maaskant Decl. at ¶2.)  But, although this declaration somewhat explains why Maaskant may have failed to timely file the <u>initial</u> notice of appeal from the September 20, 2005 order, given the proximity of the filing date to their father's accident, none of the documents attached to the October 24, 2005 filing explain why Maaskant failed to timely file a notice of appeal from the October 14, 2005 order.

In more recent filings before the district court, Maaskant now indicates that his father passed away on October 31, 2005. (See Doc. 16 at2.)  But, this new information does noes not explain why Maaskant failed to timely file either a notice of appeal from the October 14, 2005 and failed to timely request an

**4**

extension of time to do so.  Accordingly, this court has no jurisdiction over Maaskant's appeal and it must be dismissed.[1]

That the Clerk of Court accepted Maaskant's October 24, 2005 filing and subsequent filings is irrelevant.  The Clerk of Court is not charged with the task of determining whether a particular filing is proper or whether a particular court has jurisdiction over a case or appeal.

**SO ORDERED**

Dated: 9/6/06

/s/ Oliver W. Wanger

**OLIVER W. WANGER**
**United States District Judge**

---

[1] Maaskant cites *Thompson v. INS*, 375 U.S. 384, 387 (1964) for the proposition that an appeals court can consider an appellant's argument on the merits even thought the notice of appeal was not timely filed. (Doc. 16, at 4-5.)  But, *Thompson* is distinguishable. In *Thompson*, a Canadian national filed a petition for naturalization, which was denied on the merits by the district court.  Twelve days later, petitioner served notice on the INS that he would move the district court for various forms of post-trial relief, including a new trial.  The government raised no objection to the timeliness the post-trial motions, and the district court specifically found that the motion for a new trial was timely.  The district court subsequently denied the motion.  Petitioner filed a notice of appeal within 60 days of the denial of the post-trial motions but not within 60 days of the original entry of judgment.  The Court of Appeals later found that the post trial motions were untimely filed and, therefore, that the notice of appeal was untimely, reasoning that the 60 day window actually began to run upon entry of the district court's initial judgment.  The United States Supreme Court reversed, finding that under such "unique circumstances" the appeal should be deemed timely filed.  *Id*. at 387.  Here, the circumstances are very different, primarily because Maaskant's initial request for an extension of time was <u>denied</u> by the trial court, clearly indicating to Maaskant that he must either accept that denial or timely appeal from it.